| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| RAFAEL SANTIAGO RÍOS<br><br>Recurrida<br><br>v.<br><br>**LT AUTOS LLC H/N/C TOYOTA MONUMENTAL PONCE**; USAA FEDERAL SAVINGS BANK AUTO LOAN DEPARTMENT; UNIVERSAL INSURANCE<br><br>Recurrente | KLRA202400535<br><br><br><br>Consolidado con | *Revisión* procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Querella Núm.: PON-2021-0002419<br><br>Sobre: Compra Venta de Vehículo de Motor |
| **RAFAEL SANTIAGO RÍOS**<br><br>Recurrente<br><br>v.<br><br>LT AUTOS LLC H/N/C TOYOTA MONUMENTAL PONCE; USAA FEDERAL SAVINGS BANK AUTO LOAN DEPARTMENT; UNIVERSAL INSURANCE<br><br>Recurrida | KLRA202400540<br><br><br><br>Consolidado con | *Revisión* procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Querella Núm.: PON-2021-0002419<br><br>Sobre: Compra Venta de Vehículo de Motor |
| RAFAEL SANTIAGO RÍOS<br><br>Recurrida<br><br>v.<br><br>LT AUTOS LLC H/N/C TOYOTA MONUMENTAL PONCE; **USAA FEDERAL SAVINGS BANK AUTO LOAN DEPARTMENT**; UNIVERSAL INSURANCE<br><br>Recurrente | KLRA202400546 | *Revisión* procedente del Departamento de Asuntos del Consumidor (DACo)<br><br>Querella Núm.: PON-2021-0002419<br><br>Sobre: Compra Venta de Vehículo de Motor |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

Número Identificador

SEN2024_____

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de octubre de 2024.

Comparece LT Autos LLC (en adelante, LT Autos) en el alfanumérico **KLRA202400535**; Rafael Santiago Ríos (señor Santiago Ríos o Querellante) en el alfanumérico **KLRA202400540**; así como USAA Federal Savings Bank (en adelante, USAA) en el alfanumérico **KLRA202400546** (en conjunto, partes peticionarias), mediante sendos recursos de revisión judicial, en los cuales nos solicitan la revisión de la *Resolución* emitida, el 17 de julio de 2024, archivada en autos el 24 de de julio de 2024, y notificada el 30 de julio de 2024, por el Departamento de Asuntos del Consumidor (en adelante, DACo).[1] Mediante la *Resolución* recurrida, la aludida agencia declaró *Ha Lugar* la *Querella* incoada por el señor Santiago Ríos, y condenó a LT Autos, a USAA y al señor Santiago Ríos responder en iguales partidas el balance de $45,140.00 dólares, el cual con interés asciende a $50,826.34 dólares. Sobre la referida determinación, tanto LT Autos, el señor Santiago Ríos, así como USAA presentaron sendas mociones de reconsideración,[2] las cuales, conforme surge de los autos ante nuestra consideración, no fueron atendidas por el DACo.

Por los fundamentos que expondremos, se *desestiman* los recursos **KLRA202400535**, **KLRA202400540** y **KLRA202400546** por falta de jurisdicción.

I

El 9 de diciembre de 2020, el señor Santiago Ríos presentó una *Querella* por incumplimiento de contrato; práctica engañosa, daños y perjuicios y otros en contra de LT Autos, USAA, y Universal

---

[1] Apéndice del KLRA202400535, a las págs. 87-101; Apéndice del KLRA202400540, a las págs. 1-14; Apéndice del KLRA202400546, a las págs. 1-12.

[2] Apéndice del KLRA202400535, a las págs. 102-115; Apéndice del KLRA202400540, a las págs. 15-21; Apéndice del KLRA202400546, a las págs. 32-49.

Insurance (Universal).[3] En respuesta, el 13 de abril de 2021, LT Autos presentó *Contestación a Querella.*[4]

Así las cosas, el 12 de julio de 2022, el señor Santiago Ríos presentó una *Enmienda a Querella,* para entre otras cosas, excluir a Universal de las partes querelladas, dado a que no existían alegaciones en su contra y a que la entidad había evidenciado que para la fecha objeto de la controversia no mantenían una póliza a su favor. Además, enmendó varias de las alegaciones de la *Querella.*[5]

En reacción, el 12 de agosto de 2022, LT presentó su *Contestación a Querella Enmendada.*[6] En el escrito, en lo atinente, reiteró las defensas esgrimidas en su contestación a la *Querella* original.

De ahí, el 17 de julio de 2024, el DACo emitió la *Resolución* recurrida,[7] la cual fue archivada en autos el 24 de julio de 2024 y notificada el 30 de julio de 2024.[8] En la misma, la referida agencia emitió determinaciones de hechos conforme a la prueba recibida e incluyó sus conclusiones de derecho. En la *Resolución,* el DACo declaró *Ha Lugar* la *Querella* instada por el señor Santiago Ríos, condenó a LT Autos, al señor Santiago Ríos y a USAA a responder en partes iguales, y dispuso cuáles eran las sumas de dinero que cada cual debía asumir. En su dictamen, nada dispuso en cuanto a Universal.

Inconformes con lo resuelto, tanto LT Autos, el señor Santiago Ríos, así como USAA presentaron solicitudes de reconsideración, las cuales, según se desprende, no fueron atendidas.

---

[3] Apéndice del KLRA202400535, a las págs. 1-13; y Apéndice del KLRA202400546, a las págs. 66-76.

[4] Apéndice del KLRA202400535, a las págs. 14-23.

[5] Apéndice del KLRA202400535, a las págs. 24-75; y Apéndice del KLRA202400546, a las págs. 77-81.

[6] Apéndice del KLRA202400535, a las págs. 76-79.

[7] Apéndice del KLRA202400535, a las págs. 87-101; Apéndice del KLRA202400540, a las págs. 1-14; Apéndice del KLRA202400546, a las págs. 1-12.

[8] Apéndice del KLRA202400535, a las págs. 87-88.

De ahí, tanto LT Autos, así como el señor Santiago Santos y USAA, acudieron ante nos de forma separada, mediante tres (3) recursos de revisión.

En *primer* lugar, el recurso **KLRA202400535** fue presentado el 30 de septiembre de 2024. En *segundo* lugar, el recurso **KLRA202400540** fue presentado el 2 de octubre de 2024. En tercer y último lugar, el recurso **KLRA202400546** fue presentado el 3 de octubre de 2024.

Mediante dos (2) Resoluciones, emitidas por este Tribunal el 3 y 4 de octubre de 2024, los antedichos recursos fueron consolidados en virtud de la Orden Administrativa DJ-2019-316 sobre la Consolidación de Recursos en el Tribunal de Apelaciones y Procedimientos Internos en la Consideración de los Recursos emitida, el 21 de noviembre de 2019, por el Tribunal Supremo de Puerto Rico, y enmendada, el 28 de julio de 2020, mediante Orden Administrativa DJ-2019-316. Ello, puesto que coincidimos en que los recursos de epígrafe se relacionan al mismo dictamen judicial y con las mismas partes.

Así las cosas, el 9 de octubre de 2024, el señor Santiago Ríos incoó una *Solicitud de desestimación por falta de jurisdicción* en contra de USAA. En el escrito, planteó que USAA tenía hasta el 3 de octubre de 2024 para presentar su recurso de revisión judicial y notificar a las partes sobre el mismo. Sin embargo, lo segundo no ocurrió, ya que USAA notificó a las partes del recurso el 4 de octubre de 2024. En respuesta, USAA se opuso a la desestimación. Alegó, en síntesis, que había justa causa para la dilación y expuso sus razones. Luego de haber evaluado las posturas de las partes disponemos declarar la solicitud presentada por el señor Santiago Ríos *No Ha Lugar*.

Además, disponemos que, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[9] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a las partes recurridas, en los tres (3) recursos ante nuestra consideración, de presentar escrito en oposición a los mismos.

Dicho lo anterior, procederemos a exponer el derecho aplicable.

II

**A. Falta de jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[10] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[11] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[12] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[13] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[14] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[15] De lo contrario, cualquier

---

[9] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[10] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[11] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[12] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Ríos Martínez.*
[13] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[14] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[15] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

dictamen en los méritos será nulo y no podrá ejecutarse.[16] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[17]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[18] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### A. Limitación de la revisión judicial a órdenes y resoluciones finales

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[19] Para cumplir con ese principio, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga competencia apelativa al Tribunal de Apelaciones para revisar decisiones, órdenes y resoluciones de las agencias administrativas.[20] Ahora bien, la aludida competencia está limitada a órdenes y resoluciones finales.[21] Esta limitación se consagra, además, en la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG). La referida sección dispone que:

> [u]na parte adversamente afectada por **una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos

---

[16] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).
[17] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).
[18] 4 LPRA Ap. XXII-B, R. 83 (C).
[19] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[20] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[21] *Íd.* Véase, además, Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI-B, R. 56.

de la copia de la notificación de la orden o resolución final de la agencia [...].[22]

El Tribunal Supremo de Puerto Rico ha definido las órdenes y resoluciones finales como aquellas que: (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii) resuelven todas las controversias ante la agencia. Es decir, son decisiones que ponen fin a las controversias, sin dejar nada pendiente para ser decidido en el futuro.[23] A esos efectos, una orden o resolución interlocutoria de una agencia no es revisable directamente, únicamente podrá ser objeto de un señalamiento de error en el recurso de revisión que se presente sobre la determinación final de la agencia.[24] Ahora bien, la Sección 4.3 de la LPAUG dispone que el Tribunal puede relevar a una persona de agotar los remedios administrativos cuando:

> dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.[25]

Así, pues, los tribunales se reservan la facultad de intervenir en momentos en que sea necesario para evitar un daño irreparable.[26] No obstante, lo anterior, quien recurre al foro judicial, alegando que debe prescindirse del requisito de agotamiento de remedios administrativos, debe señalar hechos específicos y bien definidos que así lo justifiquen.[27]

---

[22] Ley Núm. 38-2017, 3 LPRA sec. 9672.
[23] *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006).
[24] *Íd.*, a la pág. 29.
[25] Ley Núm. 38-2017, *supra*, 3 LPRA sec. 9673.
[26] *Guadalupe v. Saldaña, Pres. U.P.R.*, 133 DPR 42, 49-50 (1993).
[27] *Íd.,* a la pág. 50*; Rivera v. ELA,* 121 DPR 582, 596 (1988).

III

De entrada, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, ya que a inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[28] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[29] En línea de lo anterior, luego de haber examinado los autos ante nuestra consideración, colegimos que en este caso no tenemos jurisdicción, dado a que la *Resolución* recurrida es una interlocutoria, y no final, por lo cual no es susceptible de ser revisada. Además, la misma no cumple con las excepciones esgrimidas en la LPAUG, las cuales permiten que prescindamos de acatarnos a la doctrina de agotamiento de remedios administrativos. Nos explicamos.

Es de ver que, este Tribunal tiene ante su consideración tres (3) recursos de revisión, los cuales fueron consolidados. En los aludidos recursos, se recurre de un mismo dictamen judicial. En este punto, conviene mencionar que, en el presente caso, las partes son las siguientes: el señor Santiago Ríos; LT Autos; USAA; y Universal.

Visto lo anterior, cuando iniciaron los procedimientos en el caso del título, el señor Santiago Ríos instó una *Querella* en la cual incluyó a las antedichas partes. Sin embargo, luego, enmendó la misma para, entre otras cosas, preterir a Universal, no así a las demás partes. Así las cosas, procesalmente hablando, el DACo no dispuso sobre este asunto, empero, al momento de emitir la

---

[28] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.*, supra, a la pág. 372.
[29] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

*Resolución* recurrida, solo lo mencionó en la relación de hechos procesales del caso.

Ahora bien, en el proceso de auscultar nuestra jurisdicción, y al adentrarnos en los recursos instados por cada una de las partes, nos topamos con un detalle relevante el cual amerita ser atendido como cuestión de principio. Nos referimos a lo expresado por el señor Santiago Ríos en el recurso KLRA202400540. Veamos.

En su recurso, el señor Santiago Ríos nos señala:

[a]unque se menciona el desistimiento del recurrente contra esta parte [Universal] en la primera página de la Resolución [recurrida], no se establece claramente en la orden misma. Esta falta de claridad puede generar confusión sobre el estatus de esta parte en el caso y las implicaciones legales correspondientes.[30]

Luego, en su súplica, además de proponer otros datos, los cuales no son atinentes mencionar en estos momentos, el señor Santiago Ríos solicitó que ordenáramos que se modificara el dictamen recurrido para que se incluyera la siguiente orden en la parte dispositiva del caso:

[…].

4. En relación a la parte co-querellada, Universal Insurance, se ordena el cierre y archivo de la querella de epígrafe por desistimiento de la parte querellante.[31]

Es claro que, luego de revisar la totalidad de los autos ante nuestra consideración, hemos advenido en conocimiento de que el DACo, al disponer sobre el caso mediante la *Resolución* recurrida, no dispuso sobre la totalidad del pleito. Conforme esgrimimos en nuestra previa exposición doctrinal, la competencia de este Tribunal para revisar decisiones, órdenes y resoluciones de las agencias administrativas está limitada a que sean dictámenes finales. Es decir, son órdenes y resoluciones que (i) culminan el procedimiento administrativo; (ii) tienen efectos sustanciales sobre las partes, y (iii)

---

[30] Recurso de Revisión Judicial KLRA202400540, a la pág. 8.
[31] *Íd.*, a la pág. 9.

resuelven todas las controversias ante la agencia, sin dejar nada pendiente para ser decidido en el futuro.[32] A esos efectos una orden o resolución interlocutoria de una agencia no es revisable directamente, a menos que sea necesario para evitar un daño irreparable, criterio el cual entendemos que no está presente en este caso.[33]

Es un hecho indubitado que el DACo, al momento de emitir su dictamen, en la parte dispositiva no incluyó cuál sería el devenir de la co-querellada Universal. Es por todo lo anterior que disponemos que nos encontramos ante un dictamen interlocutorio no susceptible de revisión, puesto a que, al preterir a Universal, no dispuso de la totalidad del pleito en su *Resolución*.

En línea de lo anterior, forzosamente no tenemos otra alternativa que desestimar los tres recursos consolidados del título. Abona a lo anterior que, en los tres recursos consolidados, se recurrió del mismo dictamen, el cual, insistimos, es uno interlocutorio, y no final, por lo que no es sujeto a revisión judicial. Lo anterior, en nada limita a que, una vez el DACo emita una *Resolución* que disponga de la totalidad del pleito, la parte que así lo estime, pueda solicitar los remedios que provee nuestro ordenamiento jurídico.

IV

Por los fundamentos que forman parte de esta Sentencia, se *desestiman* los tres (3) recursos ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[32] *Comisionado Seguros v. Universal*, supra, a la pág. 29.
[33] *Íd.; Guadalupe v. Saldaña, Pres. U.P.R.*, supra, a las págs. 49-50.